FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID WAYNE PORTER,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON and CHELAN COUNTY,<br><br>                Defendants. | No.  2:20-cv-00368-SMJ<br><br>**ORDER OF DISMISSAL** |

On October 7, 2020, Plaintiff David Wayne Porter, while housed at the Chelan County Regional Justice Center, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He neither paid the filing fee nor applied to proceed *in forma pauperis* under the Prison Litigation Reform Act, 28 U.S.C. § 1915. He also failed to comply with 28 U.S.C. § 1915(a)(2), which requires a prisoner seeking to bring a civil action without prepayment of the filing fee to submit a certified copy of his or her trust fund account statement (or institutional equivalent) for the six months immediately preceding the filing of the complaint.

By letter dated October 7, 2020, the Clerk's Office advised Plaintiff of these deficiencies, as well as the requirement that he keep the District Court

ORDER OF DISMISSAL – 1

Executive/Clerk informed of any change of address. ECF No. 3. The Clerk's Office provided him with the application to proceed *in forma pauperis* and directed him to complete and return it. *Id*. Plaintiff did not comply with this directive, although on October 29, 2020, Plaintiff did file a Notice of Change of Address, informing the Court that he had moved to the Okanogan County Corrections Center. ECF No. 6.

On November 9, 2020, this Court ordered Plaintiff to submit a completed application to proceed *in forma pauperis* and to submit a certified copy of his six-month prisoner trust fund account statement (or institutional equivalent) for the period immediately preceding the filing of the complaint on October 7, 2020 within **twenty-one days** of the date of that Order. ECF No. 7. In the alternative, Plaintiff was advised he could pay the full $400.00 filing fee. *Id*. Plaintiff was cautioned that his failure to comply would result in the dismissal of this case. *Id*. at 3.

A copy of the Order to Comply with Filing Fee Requirements, along with an application to proceed *in forma pauperis*, was sent to Plaintiff at Okanogan County Corrections Center, the last address he provided, but was returned as undeliverable on November 23, 2020. ECF No. 8. The District Court Executive had instructed Plaintiff on October 7, 2020: "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to receive Court orders and correspondence." ECF No. 3. Although he

ORDER OF DISMISSAL – 2

provided one Notice of Change of Address, ECF No. 6, he has failed to keep the Court apprised of his current address.

Plaintiff has neither paid the filing fee nor returned the application to proceed *in forma pauperis* along with his six-month inmate trust fund account statement (or institutional equivalent) by the due date of November 30, 2020. The Court must assume that Plaintiff has chosen to abandon this litigation.

Accordingly, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to pay the filing fee or to comply with the *in forma pauperis* requirements of 28 U.S.C. §§ 1914 and 1915.

2. The Court certifies any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order, **ENTER JUDGMENT**, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** this 9th day of December 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER OF DISMISSAL – 3